PER CURIAM.
This is an appeal of a final order from the State of Florida Department of Transportation (DOT) denying appellant’s applications for permits for two billboards in Palm Beach County: one located on Okeechobee Blvd., and one along 1-95 between Blue Heron and Northlake Boulevards. Both applications were denied for failure to include the applicable permit fee with the application, and the 1-95 billboard was denied for the additional reason that it did not meet the spacing requirement of section 479.07(9)(a), Florida Statutes (1993). We reverse and remand for a formal hearing.
In both of the DOT’s memoranda of returned application, appellant was informed that it had thirty days within the date of the documents, April 23, 1993, to request an administrative hearing under section 120.57, Florida Statutes. There was no explanation of the difference between a formal and informal hearing. Appellant was also informed that a request for a hearing should include a brief statement setting forth the reasons for review. Appellant timely requested an administrative hearing pursuant to section 120.57, asserting extenuating circumstances that would bear on the situation. Specifically, appellant’s principal was incapacitated and could not renew the applications. The DOT responded by notifying appellant that it had not specified whether it wanted a formal or informal hearing. A formal hearing would be appropriate if there were material issues of fact; otherwise, appellant would be entitled to only an informal hearing.
Thereafter, appellant timely requested a formal hearing, stating that the renewal of the permits was late due to the illness of the president of the company, Barbara Gun-cheon. Appellant also stated that the billboards “are ‘grandfathered’ in the code.” This was an obvious reply to the DOT’s denial of the permit for the 1-95 billboard on the grounds that it violated the spacing requirement of section 479.07(9). Section 479.07(9)(a)(l) reads:
A permit shall not be granted for any sign for which a permit had not been *786 granted by the effective date of this act unless such sign is located at least:
1. One thousand five hundred feet from any other permitted sign on the same side of the highway, if on an interstate highway.
Also, section 479.07(9)(c) states that “[n]oth-ing in this subsection shall be construed so as to cause a sign which is conforming on the effective date of this act to become nonconforming.” The effective date of the act was October 1, 1984. Ch. 84-227, Laws of Fla.
In response, the DOT informed appellant, in a letter dated August 26, 1993, that it determined that appellant’s letter did not contain any disputed issue of material fact. Therefore, appellant was entitled only to an informal hearing. Appellant was informed that it had the right to submit any written documentation or legal argument it wanted the DOT to consider. If appellant wished to make an oral presentation, it must inform the DOT of such, in writing, within fourteen days. If the DOT did not hear from appellant within the time frame, it would issue its final order based on the file as it existed as of that date. The record on appeal does not contain any subsequent correspondence from appellant.
The DOT rendered its final order on December 8,1993. It made findings concerning the actions and correspondence of the parties since the date the DOT notified appellant of its intent to deny the applications. It found that neither of the applications contained the applicable fee, and that the 1-95 billboard was in violation of section 479.07(9)(a)(l). Appellant’s applications for sign permits were denied. The instant appeal followed.
After notice of appeal had been filed, appellant filed with the DOT an affidavit of Barbara Guncheon, setting forth the facts surrounding the nonpayment of the application fee. According to Guncheon, she attempted to pay the permit fees, but a DOT representative had declined to accept the payment. These facts were not submitted prior to rendition of the order by the DOT.
We find that the DOT erroneously denied appellant’s request for a formal hearing. While appellant’s request for such might have been more artfully drawn, it adequately indicated at least one dispute of a material fact. If appellant had been granted a permit for'the 1-95 sign prior to October 1, 1984, then the spacing requirements would not apply to it and the sign could not be made nonconforming because of the act. Implicit in a finding that the 1-95 billboard violated the spacing requirement was that there had not been a permit issued for it prior to October 1,1984. Hence, there was a material fact disputed by appellant such that it should have been granted a formal hearing.
In addition to finding that the 1-95 billboard violated the spacing requirements of section 479.07(9), the DOT also found that appellant had not paid its application fees. However, there is no indication that the DOT followed its statutorily proscribed procedures in this ease. Pursuant to section 479.07(8)(a), Florida Statutes (1993), the DOT must send each permittee, in November of each year, a notice of fees due. Under section 479.07(8)(b):
If a permittee has not submitted [its] fee payment by January 15, the department shall, no later than February 1, send a notice of violation to the permittee, requiring the payment of the permit fee within 30 days after the date of the notice and payment of a delinquency fee equal to 10 percent of the original amount due or, in the alternative to these payments, requiring the filing of a request for an administrative hearing to show cause why his sign should not be subject to immediate removal due to expiration of his license or permit. If the permittee submits payment as required by the violation notice, his license or permit will be automatically reinstated and such reinstatement will be retroactive to January 15th.
The absence of proper notice, either that the fees were coming due or that they were late and must be paid within thirty days, should require a reversal of the DOT’s order. See White Advertising Int’l v. State of Florida Dep’t of Transp., 368 So.2d 411 (Fla. 1st DCA 1979) (Judge Ervin, concurring in part and dissenting in part). In Judge Ervin’s opinion, he concurred with the reversal in the ease on the grounds that the sign owner had not received proper notice under section 479.07(3), Florida Statutes (1975).
*787 Where there has been no hearing, as in the instant case, and this court finds that the validity of the action depends on disputed facts, it “shall order the agency to conduct a prompt, factfinding proceeding under [the Administrative Procedure Act] after having a reasonable opportunity to reconsider its determination on the record of the proceedings.” § 120.68(6), Fla.Stat. (1993). Also, an appellate court must remand for further agency action when it finds that “either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.” § 120.68(8), Fla.Stat. (1993).
On remand, it should be determined whether a permit had been granted for the 1-95 billboard prior to October 1, 1984. Also, appellant is entitled to a factual determination as to the circumstances surrounding its nonpayment of the application fees. If it is determined that the DOT did not follow the proper procedure, or that actions by the DOT prevented appellant from paying the fees, appellant should be given an opportunity to pay the required fees (plus the late charge) pursuant to section 479.07(8)(b). Basically, under the facts in this case, appellant should have its day in court.
HERSEY, GLICKSTEIN and POLEN, JJ., concur.